UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

MICHAEL DISPENZA, M.D.,

                                                                                  Plaintiff,        **COMPLAINT**

              -against-                         **19-CV-5645**

THE CITY OF NEW YORK, LT. CHRISTOPHER        **ECF Case**
FUSARO, & YADIRA ARIZA,

                                                                **Jury Trial Demanded**

                                                   Defendants.

------------------------------------------------------------------------- X

Plaintiff **MICHAEL DISPENZA, M.D.**, by his attorneys, Schulman Law, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for violation of his rights secured by 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

2. The claims arise from an incident which began on or about October 25, 2018, and continued until on or about January 23, 2019.

3. During the incident, Defendants **THE CITY OF NEW YORK, LT. CHRISTOPHER FUSARO, & YADIRA ARIZA** and other members of the New York City Police Department (hereinafter referred to as "NYPD") subjected Plaintiff to false arrest; false imprisonment; excessive force; unlawful search and seizure; malicious criminal prosecution; conspiracy; fabricated evidence; unlawful confinement; failure to intervene, and failure to supervise subordinates.

4. Plaintiff seeks compensatory damages, punitive damages, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

5. Jurisdiction is founded upon the existence of a Federal Question, under 28 U.S.C. § 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), over any and all state law and constitutional claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), in that the claim arose within this District.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. Plaintiff **MICHAEL DISPENZA, M.D.**, is a Citizen of the United States and a resident of the City of New York, County of Nassau, State of New York.

10. At all times mentioned, Defendant **CITY OF NEW YORK,** was and is a municipal corporation duly organized and existing by virtue of the law of the State of New York.

11. At all times mentioned, Defendant **CITY OF NEW YORK,** its agents, servants, and employees, operated, maintained, and controlled the Police Department of the City of New York, including all the police officers thereof.

12. At all times mentioned, Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** were police officers/detectives of the Defendant **CITY OF NEW YORK**, and at all times herein were acting in such capacity as agents, servants and employees of the Defendant **CITY OF NEW YORK.**

13. At all times mentioned, Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** were acting under color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or of Defendant **CITY OF NEW YORK**.

## STATEMENT OF FACTS & BACKGROUND

14. This action arises under the provisions of the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and under federal law, the Civil Rights Act, Title 42 of the United States Code, Section 1983, and the rights under the Constitution and laws of the State of New York.

15. On or about January 18, 2019, and within ninety (90) days after the claim herein arose and continued, the Plaintiff served a Notice of Claim in writing sworn to on his behalf upon the Defendant **CITY OF NEW YORK**, by submitting a copy thereof to the officer designated to receive such process personally, which Notice

of Claim advised the Defendant **CITY OF NEW YORK**, of the nature, place, time and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

16. The Plaintiff has complied with the request of the municipal Defendants for an oral examination pursuant to Section 50-H of the General Municipal Law.

17. At least thirty (30) days have elapsed since the service of the claims prior to the commencement of this action and adjustment thereof has been neglected or refused.

### FEDERAL CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS LT. CHRISTOPHER FUSARO & YADIRA ARIZA

Deprivation of Rights; False Arrest/Unlawful Imprisonment; Malicious Prosecution; Failure to Intervene; Supervisory Liability, and Deprivation of Substantive Due Process, all under 42 U.S.C. § 1983

18. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "17" with full force and effect as though set forth at length herein.

19. On or about October 25, 2018, at approximately 02:00 p.m., in the vicinity of Austin Street and 71st Avenue, in front of the Queens County Savings Bank, located at 106-19 Continental Avenue, Forest Hills, NY 11375, Plaintiff **MICHAEL DISPENZA, M.D.**, was falsely imprisoned and taken into custody by members of the NYPD, including Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**.

20. Plaintiff **MICHAEL DISPENZA, M.D.,** had multiple assaults and batteries committed to his person by Defendants **LT. CHRISTOPHER FUSARO and**

   **YADIRA ARIZA,** including, but not limited to, being thrown against the front wall/window of the bank, and otherwise being assaulted.

21.  The actions were perpetrated by members of the NYPD, including Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**.

22.  During the incident alleged herein, Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** failed to intervene to prevent the unlawful conduct described herein.

23.  **LT. CHRISTOPHER FUSARO** failed in his supervisory responsibilities over the other named Defendant by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train subordinate employees.

24.  Defendant **LT. CHRISTOPHER FUSARO** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

25.  Defendant **YADIRA ARIZA** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

26.  At all times mentioned herein, said police officers were acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

27.  On or about October 25, 2018, Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**, while effectuating the seizure of the Plaintiff **MICHAEL DISPENZA, M.D.**, did search, seize, and grab the person of the Plaintiff without a court authorized arrest or search warrant.

28. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** did physically seize the person of Plaintiff **MICHAEL DISPENZA, M.D.**, during the arrest process in an unlawful manner.

29. Plaintiff **MICHAEL DISPENZA, M.D.**, was falsely arrested and maliciously prosecuted following the arrest, at the initiation and behest of Defendant **YADIRA ARIZA,** under the supervision of Defendant **LT. CHRISTOPHER FUSARO**.

30. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**, failed to take reasonable steps to stop the prosecution of Plaintiff **MICHAEL DISPENZA, M.D.**, and instead performed unlawful and unconstitutional police procedures and maliciously provided false information to the District Attorney's office to initiate a criminal prosecution against Plaintiff **MICHAEL DISPENZA, M.D.**

31. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** had an affirmative duty to intervene on behalf of Plaintiff **MICHAEL DISPENZA, M.D.**, whose constitutional rights were being violated in their presence by other officers.

32. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** failed to intervene to prevent the unlawful conduct described herein.

33. As a result of Defendants' failure to intervene, Plaintiff **MICHAEL DISPENZA, M.D.**, was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated, subjected to handcuffing and imprisoned and prosecuted without probable cause.

34. Defendant **LT. CHRISTOPHER FUSARO**, a "supervisory defendant," personally caused Plaintiff **MICHAEL DISPENZA, M.D.'s** constitutional injury by being

deliberately or consciously indifferent to the rights of others in failing to properly supervise and train subordinate employees.

35. As a result of Defendant **LT. CHRISTOPHER FUSARO**'s failure to properly supervise and train subordinate employees, Plaintiff **MICHAEL DISPENZA, M.D.**, was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated, subjected to handcuffing and imprisoned and prosecuted without probable cause.

36. The commencement of the criminal proceedings against Plaintiff **MICHAEL DISPENZA, M.D.**, under Docket No. 2019SQ001145 was malicious, began in malice and without probable cause, so that the proceedings could succeed by Defendants for a purpose outside of the legitimate ends of the legal process.

37. As a result of the malicious prosecution, Plaintiff **MICHAEL DISPENZA, M.D.,** was deprived of his liberty during his time in custody, in addition to the pendency of the criminal action, which ultimately was dismissed on January 23, 2019.

38. Plaintiff **MICHAEL DISPENZA, M.D.,** suffered humiliation, mental anguish, indignity and the frustration of an unjust criminal prosecution. Plaintiff **MICHAEL DISPENZA, M.D.,** made multiple court appearances to defend his liberty as a result of the unjust prosecution, prior to the action being Dismissed and Sealed on January 23, 2019.

39. The above-summarized actions of Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** resulted in the Plaintiff being deprived of the following rights under the United States Constitution:

   a. Freedom from assault to his person;

    b. Freedom from battery to his person;

    c. Freedom from illegal search and seizure;

    d. Freedom from false arrest;

    e. Freedom from the use of excessive force during the arrest process;

    f. Freedom from being maliciously prosecuted.

    g. Freedom from officers failing to intervene while in the presence of misconduct.

40. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** subjected the Plaintiff to such deprivations, either in a malicious or reckless disregard of the Plaintiff's rights or with deliberate indifference to those rights used under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. The direct and proximate result of the Defendants' acts include Plaintiff **MICHAEL DISPENZA, M.D.,** suffering severe and permanent injuries of a physical and psychological nature. Plaintiff **MICHAEL DISPENZA, M.D.,** was forced to endure pain and suffering, all to his detriment.

42. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**FEDERAL CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983**
**AGAINST DEFENDANT CITY OF NEW YORK**
(Municipal Liability under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" with full force and effect as if fully set forth herein.

44. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**, jointly and severally, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendant **CITY OF NEW YORK** and/or the NYPD that is forbidden by the United States Constitution.

45. The aforementioned customs, policies, usages, practices, procedures and rules of **CITY OF NEW YORK** and/or the NYPD included, but were not limited to, arresting citizens without probable causea and tacitly sanctioning repeated improper conduct by Defendant **LT. CHRISTOPHER FUSARO** and other members of the NYPD's 112th police precinct.

46. Defendant **CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its police officers and detectives, including Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA,** becoming a driving force behind the violation of Plaintiff **MICHAEL DISPENZA, M.D.'s**, rights as described herein.

47. By failing to properly recruit, screen, train, discipline and supervise its officers, including individually named Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**, Defendant **CITY OF NEW YORK** has tacitly authorized, ratified, sanctioned and/or impliedly authorized Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** to act in the ways described herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of Defendant **CITY OF NEW YORK** constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff **MICHAEL DISPENZA, M.D**.

49. The foregoing customs, policies, usages, practices, procedures and rules of Defendant **CITY OF NEW YORK** were the direct and proximate cause of the constitutional violations suffered by Plaintiff **MICHAEL DISPENZA, M.D.**, as alleged herein.

50. Defendants, **LT. CHRISTOPHER FUSARO & YADIRA ARIZA**, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff **MICHAEL DISPENZA, M.D.**,'s constitutional rights.

51. All of the foregoing acts by Defendants deprived Plaintiff **MICHAEL DISPENZA, M.D.**, of federally protected rights, including, but not limited to, the right:

    i. Not to be deprived of liberty without due process of law;
    ii. To be free from false arrest/unlawful imprisonment;
    iii. To be free from unreasonable and unlawful searches;
    iv. To be free from malicious prosecution;
    v. To be free from the deprivation of the right to counsel;
    vi. To be free from unlawful warrantless detention and arrest.

52. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**STATE LAW CAUSE OF ACTION - ASSAULT**
**AGAINST DEFENDANTS THE CITY OF NEW YORK,**
**LT. CHRISTOPHER FUSARO & YADIRA ARIZA**

53. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "52" with full force and effect as though set forth at length herein.

54. On or about October 25, 2018, at approximately 02:00 p.m., in the vicinity of Austin Street and 71st Avenue, in front of the Queens County Savings Bank, located at 106-19 Continental Avenue, Forest Hills, NY 11375, Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** did place Plaintiff **MICHAEL DISPENZA, M.D.**, in imminent fear of physical contact by approaching the Plaintiff, with outstretched limbs, which were used to assault and falsely imprison Plaintiff **MICHAEL DISPENZA, M.D.**

55. All of the actions caused Plaintiff **MICHAEL DISPENZA, M.D.**, to experience a reasonable apprehension that an immediate harmful or offensive contact would be applied to his person.

56. At no time did Plaintiff **MICHAEL DISPENZA, M.D.**, consent to the unlawful actions of the Defendants and such conduct constituted an assault against Plaintiff **MICHAEL DISPENZA, M.D.**

57. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## STATE LAW CAUSE OF ACTION - BATTERY
## AGAINST DEFENDANTS THE CITY OF NEW YORK,
## LT. CHRISTOPHER FUSARO & YADIRA ARIZA

58. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "57" with full force and effect as though set forth at length herein.

59. On or about October 25, 2018, at approximately 02:00 p.m., in the vicinity of Austin Street and 71st Avenue, in front of the Queens County Savings Bank, located at 106-19 Continental Avenue, Forest Hills, NY 11375, a member of the NYPD committed harmful and offensive contact upon Plaintiff **MICHAEL DISPENZA, M.D.**, by slamming Plaintiff **MICHAEL DISPENZA, M.D.**, into the front wall/window at the Queens County Savings Bank, causing a lower back and other injuries.

60. Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** intentionally caused harmful and offensive contacts to occur upon Plaintiff **MICHAEL DISPENZA, M.D.**, including false arrest.

61. At no time did Plaintiff **MICHAEL DISPENZA, M.D.,** consent to the unlawful actions of the Defendants and the actions of Defendants **LT. CHRISTOPHER FUSARO & YADIRA ARIZA** were in no way privileged or defensible. Such conduct constituted a battery against Plaintiff **MICHAEL DISPENZA, M.D.**

62. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury,

plus reasonable attorney's fees, costs and disbursements of this action.

## STATE LAW CAUSE OF ACTION - FALSE ARREST AGAINST DEFENDANTS THE CITY OF NEW YORK, LT. CHRISTOPHER FUSARO & YADIRA ARIZA

63. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "62" with full force and effect as though set forth at length herein.

64. On or about October 25, 2018, at approximately 02:00 p.m., in the vicinity of 393 Warwick Street, Brooklyn, NY 11207, Defendants, jointly and severally without any warrant, order or other legal process and without any legal right, wrongfully and unlawfully arrested Plaintiff **MICHAEL DISPENZA, M.D.**, restrained Plaintiff **MICHAEL DISPENZA, M.D.**, and his liberty, and then took him into custody within the NYPD's 112th Police Precinct, in the County of Queens, and charged him with the crimes under Index No. 2019SQ001145.

65. On the above stated date, time and location, Plaintiff **MICHAEL DISPENZA, M.D.**, was falsely imprisoned by members of the NYPD.

66. Plaintiff **MICHAEL DISPENZA, M.D.**, was arrested, criminally processed, and arraigned, all for crimes Plaintiff **MICHAEL DISPENZA, M.D.**, did not commit.

67. The Defendants intentionally confined Plaintiff **MICHAEL DISPENZA, M.D.**, without his consent and the confinement was not otherwise privileged by law and, at all times, Plaintiff **MICHAEL DISPENZA, M.D.**, was conscious of his confinement.

68. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**STATE LAW CAUSE OF ACTION - MALICIOUS PROSECUTION
AGAINST DEFENDANTS THE CITY OF NEW YORK,
LT. CHRISTOPHER FUSARO & YADIRA ARIZA**

69. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "68" with full force and effect as though set forth at length herein.

70. Upon information and belief, on or about October 25, 2018, and from that time until the dismissal of the charges on about January 23, 2019, at Queens County Supreme Court, Defendants **CITY OF NEW YORK, LT. CHRISTOPHER FUSARO, & YADIRA ARIZA,** deliberately and maliciously prosecuted Plaintiff **MICHAEL DISPENZA, M.D.**, an innocent man, without probable cause whatsoever, by filing or causing a criminal complaint to be filed in the Supreme Court of the State of New York, Queens County, for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

71. Defendants **CITY OF NEW YORK, LT. CHRISTOPHER FUSARO & YADIRA ARIZA,** their agents, servants or employees failed to take reasonable steps to stop the prosecution of the Plaintiff and instead maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to induce the prosecution of the Plaintiff.

72. The commencement of these criminal proceedings under Index No. 2019SQ001145 was malicious and began in malice and without probable cause, so that the proceedings could succeed by Defendants.

73. As a result of the malicious prosecution, Plaintiff **MICHAEL DISPENZA, M.D.**, was deprived of his liberty and suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution. Plaintiff **MICHAEL DISPENZA, M.D.**, made court appearances to defend his liberty against these unjust charges.

74. Plaintiff **MICHAEL DISPENZA, M.D.**, remained in police custody for several hours prior to being issued a Desk Appearance Ticket, compelling his appearance in Criminal Court. The charges against Plaintiff **MICHAEL DISPENZA, M.D.**, were ultimately dismissed on January 23, 2019.

75. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**STATE LAW CAUSE OF ACTION – *RESPONDEAT SUPERIOR* LIABILITY AGAINST DEFENDANT CITY OF NEW YORK**

76. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "75" with full force and effect as though set forth at length herein.

77. Defendant **CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

78. As a result of the foregoing, Plaintiff **MICHAEL DISPENZA, M.D.**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff **MICHAEL DISPENZA, M.D.**, demands judgment and prays for the following relief, jointly and severally, against all the Defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual Defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated:  QUEENS, NEW YORK
October 7, 2019

Yours, etc.

**SCHULMAN LAW**

BY:  Eylan Schulman
Attorneys for Plaintiff
57-00 Broadway
Woodside, NY 11377
(718) 426-2800